IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CARL ANTONIO FORDHAM, : <br> : <br> Plaintiff : <br> : <br> VS. : <br> : <br> MICHAEL W. PHILLIPS, Warden, *et al.*, : <br> : <br> Defendants : <br> : | NO. 5:04-CV-252 (DF) <br><br> PROCEEDINGS UNDER 42 U.S.C. § 1983 <br> BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Plaintiff CARL ANTONIO FORDHAM has filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. §1983. He has sued defendants MICHAEL W. PHILLIPS, Warden, and SANDRA ADAMS, R.N., alleging that the defendants violated his constitutional rights while he was incarcerated at McEver Probation Detention Center in Perry, Georgia, and Emanuel Probation Detention Center, in Twin City, Georgia.[1] Plaintiff claims that defendant Adams denied him proper medical care for a variety of problems and that defendant Phillips failed to investigate his claims that he received disciplinary reports (DR's) for refusing to perform task ordered by the prison personnel

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #18. The motion is supported by a brief and deposition. The court advised the plaintiff of said motion and his duty to respond properly thereto. Tab #25. The plaintiff has filed a response to the defendants' motion. Tab #26. In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's responses.

LEGAL STANDARDS
**A. Summary Judgment**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

---

[1]All other defendants have previously been dismissed from the present suit.  Tab #13.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## DISCUSSION
### 1. Respondeat Superior

It is readily apparent to the undersigned that plaintiff is attempting to invoke liability against defendant PHILLIPS based upon the theory of *respondeat superior*. In a properly pled complaint under 42 U.S.C. §1983, a plaintiff must allege that any defendant charged with violating his constitutional rights was either personally involved in violating those rights or that the act or acts complained of was carried out pursuant to an official policy or custom promulgated by the named defendant. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978). In the case at bar, plaintiff FORDHAM fails to allege any causative link between defendant Phillips and the denial of his constitutional rights; that is, he is seeking to impose liability upon defendant Phillips because of his position as Warden of McEver Probation Detention Center. Nor does the plaintiff contend that this defendant was responsible for any policy designed to deny plaintiff his constitutional rights. Instead, it appears that plaintiff predicates his claims against defendant Phillips solely upon the theory of *respondeat superior*. Such is not permitted under the law. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Therefore, defendant Phillips is entitled to summary judgment.

### 2. Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107.[3] A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106.

---

[3] At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991) (vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994)). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. 97 S.Ct. at 292-93.

Delay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not violate the Eighth Amendment. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment.

Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, (11th Cir.1994) (emphasis added).

In support of their motion for summary judgment, the defendants have submitted the plaintiff's deposition. The deposition indicates that the defendants were not deliberately indifferent to his medical needs.

In his deposition, plaintiff states that he was prescribed several medications while he was incarcerated at Treutlen Probation Detention Center and that he brought these with him upon his arrival at McEver. Because plaintiff's medical file had not arrived yet, personnel at McEver did not have access to his medication list. Tab #23 at 12. Therefore, the medications were confiscated at that time. However, after his file arrived, all medications were re-prescribed except for his rash cream and pain medication because the doctor ordered that they be discontinued. *Id.* at 20-21. Plaintiff did not suffer any lasting effects as a result of being denied his medications for a week. *Id.* at 12, 21.

In response to the defendants' motion, the plaintiff has submitted nothing of substance to adequately rebut the defendants showing that he was provided with constitutionally adequate medical care. Significantly, plaintiff has failed to submit any medical evidence to supports his contention that his treatment fell below applicable medical standards and constitutionally adequate standards of care.

In the court's view, plaintiff FORDHAM has failed to establish the defendants' deliberate indifference to his medical needs, serious or otherwise. He has submitted no medical evidence to support his contention that the defendants were deliberately indifferent in treating his various conditions. The record is replete with indications that treatment has been afforded plaintiff. Therefore, the defendants are entitled to summary judgment on this claim.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #18) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 18th day of AUGUST, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE